IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD E. TAYLOR,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>S. ORNOSKI, et al.,  )<br>  )<br>Defendants.  )<br>_____ ) | No. C 06-2224 MMC (PR)<br><br>**ORDER OF DISMISSAL; DENYING REQUEST FOR ORDER**<br><br>**(Docket No. 3)** |

On March 28, 2006, plaintiff, a California prisoner incarcerated at San Quentin State Prison ("SQSP") and proceeding pro se, filed the above-titled civil rights complaint under 42 U.S.C. § 1983. Plaintiff claims SQSP officials have "illegally taken" federal court filing fees from his inmate trust account. Plaintiff further claims prison regulations regarding packages sent to inmates violate federal antitrust and racketeering laws. Also before the Court is plaintiff's request, filed March 28, 2006, for an order prohibiting prison officials from retaliating against him for filing the instant lawsuit. In a separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

    1.    Filing Fees

Plaintiff's first claim is without merit. The deduction of federal court filing fees from plaintiff's account is authorized by 28 U.S.C. § 1915. Section 1915 requires prison officials to deduct court filing fees from inmates' trust accounts; if there are insufficient funds for payment of the entire filing fee, prison officials are required to deduct an initial partial filing fee and thereafter to deduct a monthly installment payment until the filing fee is paid in full. Accordingly, plaintiff's allegations as to an "illegal taking" fail to state a cognizable claim for the violation of a federal law.

    2.    Packages and Telephone Services

Plaintiff alleges that state prison officials have established a "monopoly" by promulgating regulations that restrict the vendors authorized to deliver packages and provide telephone services to inmates. Plaintiff claims these restrictions violate the Sherman Act and the Racketeer Influenced and Corrupt Organizations Act ("RICO").

Action taken by or at the direction or approval of state governmental bodies is exempt from the antitrust laws set forth in the Sherman Act. See Parker v. Brown, 317 U.S. 341, 350-51 (1943). Accordingly, an allegation that prison regulations violate the Sherman Act fails to state a cognizable federal claim.

To state a civil RICO claim, plaintiffs must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiff's business or

property.  Ove v. Gwinn, 264 F.3d 817, 825 (9th Cir. 2001) (citing 18 U.S.C. § 1964(c)). Here, plaintiff does not allege what injury, if any, has been caused to his business or property by the alleged limitation on authorized vendors.  Further, even if such alleged activity somehow created a "monopoly," such activity is not among the enumerated "racketeering activities" prohibited by RICO.  See 18 U.S.C. § 1961(1).  Accordingly, plaintiff's allegations fail to state a cognizable civil RICO claim.

## CONCLUSION

For the reasons stated, plaintiff's claims are DISMISSED for failure to state a cognizable claim for relief.

Plaintiff's request for an order prohibiting retaliation is DENIED.  Prison officials are prohibited by law from retaliating against inmates for exercising their right of access to the courts.  See Schroeder v. McDonald, 55 F.3d 454, 461-62 (9th Cir. 1995).

This order terminates Docket No. 3.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: June 14, 2006

MAXINE M. CHESNEY
United States District Judge